UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROTECT THE PUBLIC'S TRUST <br> 712 H Street, N.E. <br> Suite 1682 <br> Washington, D.C. 20002, <br>         Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF EDUCATION <br> 400 Maryland Avenue, S.W. <br> Washington, D.C. 20202, <br>         Defendant. | Civil Case No. 1:24-cv-00612 |

## COMPLAINT

1. Plaintiff Protect the Public's Trust brings this action against the U.S. Department of Education under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff Protect the Public's Trust ("PPT") is a nonprofit corporation dedicated to restoring public trust in government by promoting the fair and equal application of the rules and standards of ethical conduct to all public servants. Consistent with Justice Brandeis's aphorism that "Sunlight is said to be the best of disinfectants; electric light the most efficient policeman," PPT seeks to promote transparency and broadly disseminate

1

information so that the American people can evaluate the integrity and ethical conduct of those who act in their name. Louis Brandeis, OTHER PEOPLE'S MONEY AND HOW BANKERS USE IT (1914), https://louisville.edu/law/library/special-collections/the-louis-d.-brandeis-collection/other-peoples-money-chapter-v.

5. Defendant U.S. Department of Education ("Education" or the "Department") is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). Education has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

6. On September 20, 2022, PPT submitted a FOIA request to Education (attached as Exhibit A) seeking the following records:

    1. From March 7, 2021, through the date this request is processed, records of communication to or from Secretary Miguel Cardona, Chief of Staff Sheila Nix, and Kelly Leon, Vanessa Harmoush, Fabiola Rodriguez, and Tiffany Taber in the Office of Communications and Outreach regarding op-eds, interviews, and other external communications discussing voting rights, voting registration and/or turnout by underrepresented groups as well as the implementation of Executive Order (EO) 14019.

7. As Attorney General Garland has made clear, FOIA is "a vital tool for ensuring transparency, accessibility, and accountability in government" whose "'basic purpose . . . is to ensure an informed citizenry,' which is 'vital to the functioning of a democratic society [and] needed to check against corruption and to hold the governors accountable to the governed.'" Merrick Garland, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines* 1 (Mar. 15, 2022), https://www.justice.gov/ag/page/file/1483516/download (quoting *NLRB v. Robbins Tire & Rubber Co*, 437 U.S. 214, 242 (1978)) ("Garland Memo").

8. The release of these documents is in the public interest because they concern the operations and activities of Education. PPT would use them to inform the public about Education's efforts regarding voting and the implementation of Executive Order 14019 and whether Education's decisions are being made consistent with the law, including, but not limited to, the Hatch Act and applicable limits on the use of appropriated funds.

9. On September 20, 2022, Education acknowledged PPT's request and assigned it the FOIA tracking number 22-03685-F.

10. On September 28, 2022, Education sent PPT an email stating that the status of its request had been updated to "In Process." On the same day, Education sent PPT an additional email with an attached letter granting PPT a fee waiver regarding its records request.

11. On October 19, 2022, Education sent PPT an email with an attached letter providing a "20 Day Status Notification" regarding the request. The letter stated, "Due to the unusual circumstances that exist within your FOIA requests . . . the Department will not be able to respond by the 20 day statutory requirement." Notwithstanding the fact that PPT's FOIA only asked for records of six people, Education claimed "The scope of your FOIA requests requires the Department to conduct a vast search across multiple program offices, which we anticipate will result in a large amount of responsive records."

12. On February 27, 2023, after more than 130 days of silence from Education, PPT requested an update on its request. Education's FOIA manager responded that Education's FOIA Service Center was "still waiting on a response for two offices' search for documents" and that she would "send them both reminder emails and ask for an update."

13. On March 22, 2023, Education's FOIA manager sent PPT a follow up email stating that the FOIA Service Center still "ha[d] not received responses from the offices assigned to

3

search for documents" and that she had "sent reminder emails to them and asked for an estimated date of completion."

14. On October 23, 2023, over 210 days after Education's last email, PPT requested an update from Education on the status of its request. Education provided no response.

15. To this day, Education still has not responded. Indeed, it has been nearly a *year* since Education's last communication regarding PPT's request.

16. As the Garland Memo makes clear, "Timely disclosure of records is also essential to the core purpose of FOIA." Garland Memo at 3.

17. PPT's request has been pending for over 520 days—nearly a year and a half. This is well beyond the statutory period to respond to a FOIA request, even in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B). To this day, Education still has not determined whether it will comply with Plaintiff's request. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013). To wit, Education has not 1) provided an estimated date of completion, let alone produced the requested documents, 2) communicated to PPT the scope of the documents it intends to produce and withhold, along with the reasons for such withholding, or 3) informed PPT of its ability to appeal any adverse portion of its determination.

18. Given these facts, Education has not met its statutory obligations to provide the requested records, and it appears Education does not intend to do so absent litigation.

19. Through Education's failure to make a determination within the time period required by law, PPT has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

20. PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

21. PPT properly submitted a request for records within the possession, custody, and control of the Department.

22. The Department is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

23. The Department is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its request.

24. The Department's failure to provide all non-exempt responsive records violates FOIA.

25. Plaintiff is therefore entitled to declaratory and injunctive relief requiring the Department to promptly produce all non-exempt records responsive to its FOIA request and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

### REQUESTED RELIEF

Protect the Public's Trust respectfully requests this Court:

(1) Assume jurisdiction in this matter and maintain jurisdiction until the Department complies with the requirements of FOIA and any and all orders of this Court.

(2) Order the Department to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to

PPT's FOIA request and an index justifying the withholding of all or part of any responsive records withheld under claim of exemption.

(3) Award PPT the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

(4) Grant PPT other such relief as the Court deems just and proper.

Dated: March 4, 2024            Respectfully submitted,

PROTECT THE PUBLIC'S TRUST
By Counsel:

/s/Gary M. Lawkowski
Gary M. Lawkowski
D.D.C. Bar ID: VA125
DHILLON LAW GROUP, INC.
2121 Eisenhower Avenue, Suite 608
Alexandria, Virginia 22314
Telephone: 703-574-1654
GLawkowski@Dhillonlaw.com

*Counsel for the Plaintiff*